**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-2681-WJM-NYW

RODNEY DEWALT,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER ADOPTING MARCH 10, 2021 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on United States Magistrate Judge Nina Y. Wang's March 10, 2021 Report and Recommendation (the "Recommendation") (ECF No. 32) that the Court grant Defendant United States of America's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim ("Motion") (ECF No. 21).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  For the following reasons, the Recommendation is adopted in its entirety.

## I. BACKGROUND AND PROCEDURAL HISTORY

    The Court assumes the parties' familiarity with the facts and incorporates by reference the factual history contained in the Recommendation, which relies on the facts alleged in Plaintiff Rodney DeWalt's Second Amended Complaint ("SAC") (ECF

No. 10).[1]

Plaintiff filed this action on September 2, 2020.  (ECF No. 1.)  In the SAC, Plaintiff asserts three claims against Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  First, Plaintiff asserts an abuse of process claim ("Claim 1"), alleging United States Magistrate Judge Teresa J. James abused the legal process in *DeWalt v. City of Overland Park, Kansas* ("*DeWalt I*"), Civil Action No. 18-cv-2690-DDC-TJJ (D. Kan.), by denying his requested extension of time to file an amended pleading, striking his untimely amended pleading, denying his motion to reconsider the striking of his amended pleading, and concluding that he could not assert cognizable claims against the City of Overland Park, Kansas (the "City") through an amended pleading despite his allegations of racial discrimination.  (ECF No. 10 at 4–5.)

Second, Plaintiff asserts an intentional infliction of emotional distress claim ("Claim 2"), alleging United States District Judge Kathryn H. Vratil and Judge James "intentionally caused plaintiff severe emotional distress by denying plaintiff his civil rights" by dismissing his claims against the City despite alleged discrimination.  (*Id.* at 5–6.)

Third, and finally, Plaintiff asserts a negligence claim ("Claim 3"), alleging Judge Vratil and Judge James breached their duty of care owed to him by dismissing his claims in *DeWalt I* and *DeWalt v. City of Overland Park, Kansas* ("*DeWalt II*"), Civil Action No. 20-cv-2079-KHV-JPO (D. Kan.), without providing leave to amend, and both judicial officers failed to disclose their connections with the City as required under

---

[1] The Court assumes the allegations contained in the SAC are true for the purpose of resolving the Motion.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

certain Canons of the Code of Judicial Conduct. (*Id.* at 6.)

On November 19, 2020, Defendant filed its Motion, arguing that the Court lacks subject matter jurisdiction over Plaintiff's FTCA claims and, alternatively, Plaintiff fails to plead any plausible entitlements to relief. (ECF No. 21.) Plaintiff responded in opposition to the Motion (ECF No. 25), and Defendant replied (ECF No. 26).

On March 10, 2021, Judge Wang issued her Recommendation that the Motion be granted and that the SAC be dismissed without prejudice for lack of subject matter jurisdiction. (ECF No. 32.) First, Judge Wang considered Defendant's argument that Plaintiff failed to exhaust his administrative remedies because he never filed a notice of his claims with the Administrative Office of the United States Courts (the "AO"). (*Id.* at 10–12.) She found that despite Plaintiff's assertions to the contrary, there appeared to be no dispute that the AO did not receive any claim or submission from Plaintiff regarding his FTCA claims. (*Id.* at 11.) However, given the Tenth Circuit's precedent that the FTCA's notice requirements should not be interpreted inflexibly and because there was some "purported ambiguity regarding exhaustion," Judge Wang proceeded to consider Defendant's other subject matter jurisdiction arguments.[2] (*Id.* at 12.)

Next, Judge Wang found that because Defendant has not waived its sovereign immunity for the intentional tort of abuse of process, the Court lacks subject matter jurisdiction over Claim 1. (*Id.* at 13.) Thus, she recommended that Claim 1 be dismissed without prejudice. (*Id.*) With respect to Claims 2 and 3, Judge Wang

---

[2] Because Judge Wang did not recommend dismissing this case based on Plaintiff's purported failure to exhaust administrative remedies, the Court will not consider this argument or Plaintiff's Objections related to it any further.

3

recommended that although these claims are not barred by 28 U.S.C. § 2680(h),[3] they should nonetheless be dismissed without prejudice because Plaintiff fails to identify a private analog for purposes of waiving Defendant's sovereign immunity and imposing liability under the FTCA.  (*Id.* at 13–17.)  As a result, Judge Wang recommended that the SAC be dismissed without prejudice for lack of subject matter jurisdiction.  (*Id.* at 17.)

Plaintiff objected to the Recommendation on March 16, 2021 ("Objection") (ECF No. 33), and Defendant responded (ECF No. 35).  Defendant filed a limited objection to the Recommendation on March 22, 2021 ("Limited Objection") (ECF No. 35), and Plaintiff responded (ECF No. 36).

## II. LEGAL STANDARD

### A.    Rule 72(b) Review of a Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

---

[3] The FTCA provides several exceptions to the United States' limited waiver of sovereign immunity in 28 U.S.C. § 2680(a)–(n).

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

B.  **Rule 12(b)(1) Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is to test whether the Court has subject-matter jurisdiction to properly hear the case before it.  It may take one of two forms: a facial attack or a factual attack.  When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a factual attack on a complaint supported by affidavits and other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56.  *Id.* at 1003.

### III. ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

A.  **Claim 1 (abuse of process)**

In Claim 1, Plaintiff alleges that Judge James abused the legal process in *DeWalt I* by denying Plaintiff's motion requesting an extension of time to amend his pleading per

5

United States District Judge Daniel Crabtree's Order, striking Plaintiff's tendered amended pleading, and denying Plaintiff's request for reconsideration of that decision, which included Judge James's assessment that the tendered amended pleading did not include any new claims or any plausible claims against the City.  (ECF No. 10 at 4–5.)

Sovereign immunity shields the United States and its agencies from suit and deprives federal courts of jurisdiction to consider such claims.  *San Juan Cnty., Utah v. United States*, 754 F.3d 787, 792 (10th Cir. 2014).  This is so unless "Congress unequivocally expresses its intention to waive the government's sovereign immunity in the statutory text."  *Governor of Kansas v. Kempthorne*, 516 F.3d 833, 841 (10th Cir. 2008) (internal quotation marks omitted).  The FTCA is one of those statutes and "provides a limited waiver of sovereign immunity" when the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" would establish liability for a private person under the laws where the conduct occurred.  *Ball v. United States*, 967 F.3d 1072, 1075 (10th Cir. 2020) (citing 28 U.S.C. § 1346(b)).  "State substantive law applies to suits brought against the United States under the FTCA," which is Kansas law here.  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004).  As noted above, the FTCA provides several exceptions to its limited waiver of sovereign immunity, *see* 28 U.S.C. § 2680(a)–(n), including for intentional torts like assault, battery, malicious prosecution, abuse of process, libel, slander, and misrepresentation, among others, *Garling v. United States Envtl. Prot. Agency*, 849 F.3d 1289, 1295 (10th Cir. 2017) (discussing 28 U.S.C. § 2680(h)).

In her Recommendation, Judge Wang found that § 2680(h) explicitly bars an

abuse of process claim against Defendant.  (ECF No. 32 at 13.)  Therefore, because the United States has not waived its sovereign immunity for the intentional tort of abuse of process, she concluded that the Court lacks subject matter jurisdiction over Claim 1.  (*Id.*)

In his Objection, Plaintiff reiterates his argument that Judge James "abused the process of the court powers," "lied," and "wanted this case to end regardless of her powers."  (ECF No. 33 at 2.)  While Plaintiff appears to argue that his claim is viable, he does not set forth any facts or law which undermine Judge Wang's conclusion that an abuse of process claim is barred by the FTCA.  Therefore, this portion of the Recommendation is adopted, Plaintiff's Objection is overruled, and Plaintiff's abuse of process claim is dismissed without prejudice under Rule 12(b)(1).

**B.     Claims 2 and 3 (intentional infliction of emotional distress and negligence)**

In Claim 2, Plaintiff alleges that Judge Vratil and Judge James "intentionally caused [him] severe emotional distress by denying [him] his civil rights" and showing favoritism to the City by dismissing his claims despite allegations that he encountered serious racial threats.  (ECF No. 10 at 5–6.)  In Claim 3, Plaintiff alleges that Judge Vratil and Judge James breached their duty of care owed to him by dismissing his claims in *DeWalt I* and *DeWalt II* without providing leave to amend, and both judicial officers failed to disclose their connections with the City as required under certain Canons of the Code of Judicial Conduct.  (*Id.* at 6.)

The United States does not waive its sovereign immunity if it is not analogous to a private person, though it need not be "situated identically to private parties."  *Hill*, 393 F.3d at 1117 (internal quotations omitted); *accord In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 288 (5th Cir. 2012) ("Whether a private

7

person in 'like circumstances' would be subject to liability is a question of sovereign immunity."). It also provides that "the United States [may] assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim[.]" 28 U.S.C. § 2674.

In the Recommendation, Judge Wang concluded that "though a close call," § 2680(h) does not bar Claims 2 and 3, "given the distinctness between the factual underpinnings of these claims and [Plaintiff's] claim of abuse of process (Claim 1)." (ECF No. 32 at 14–15.) She reasoned that "while Claims 2 and 3 arise from Judge Vratil's and Magistrate Judge James's conduct in *DeWalt I* and *II*, they appear to go beyond Magistrate Judge James's conduct regarding Mr. DeWalt's attempts to amend his operative pleading in DeWalt I—the main focus of the abuse of process claim (Claim 1)." (*Id.* at 15.)

Nonetheless, Judge Wang concluded that Claims 2 and 3 were due to be dismissed on alternative grounds, namely that the Court lacks subject matter jurisdiction over Claims 2 and 3 because there is no private analog for judicial officers. (*Id.* at 16.) In other words, Judge Wang found that Plaintiff cannot identify any private individuals that would be liable under Kansas law for actions arising out of judicial decision-making. (*Id.*)

In the Objection, Plaintiff merely reiterates the elements of an intentional infliction of emotional distress claim under Kansas law. (ECF No. 33 at 2.) He does not mention his negligence claim. (*See generally*, ECF No. 33.) He argues that the Court "has never given [him] the opportunity to provide like circumstances not the same to identify

8

any private individuals that would be liable under Kansas law for actions arising out of judicial misconduct." (*Id.* at 3.)

Despite Plaintiff's statements and arguments, Plaintiff *did* have an opportunity to identify a private analog in his response to the Motion. As Defendant points out, the problem is not that Plaintiff lacked an opportunity to identify a private analog. (ECF No. 35 at 2.) Rather, as Judge Wang correctly concluded, the insurmountable problem for Plaintiff is that there *is* no private analog for his claims, which all stem from federal judicial officers' adverse rulings in deciding legal issues presented in *DeWalt I* and *II*. (ECF No. 23 at 16.)

Because Plaintiff presents no facts or legal analysis which call into question Judge Wang's conclusion that Claims 2 and 3 are barred by the FTCA for failure to identify a private analog sufficient to waive Defendant's sovereign immunity, this portion of the Recommendation is adopted, Plaintiff's Objection is overruled, and Plaintiff's claims for intentional infliction of emotional distress and negligence are dismissed without prejudice under Rule 12(b)(1).

## IV. CONCLUSION

For the reasons stated above, the Court ORDERS:

1. The Recommendation (ECF No. 32) is ADOPTED in its entirety;

2. Plaintiff's Objection (ECF No. 33) is OVERRULED;[4]

3. Defendant's Limited Objection (ECF No. 34) is OVERRULED AS MOOT;[5]

---

[4] To the extent Plaintiff objects to the Recommendation on the basis that this case "is ripe with racist bias and friendship between magistrate judges" (ECF No. 33 at 3) and any other personal attacks against fellow judicial officers, the Court finds these arguments inappropriate, meritless, and will address them no further.

[5] Because the Court adopts the Recommendation based on Judge Wang's findings and

9

4.  Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim (ECF No. 21) is GRANTED;

5.  Plaintiff's Request for Hearing (ECF No. 37) is DENIED AS MOOT;

6.  The Second Amended Complaint (ECF No. 10) is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, **and no leave to file any further amended complaint will be granted**;

7.  The parties shall bear their own fees and costs; and

8.  The Clerk shall enter judgment and terminate the case.

Dated this 17th day of August, 2021.

BY THE COURT:

_____

William J. Martinez
United States District Judge

---

conclusions and no other basis, the Court need not address the arguments raised by Defendant in the Limited Objection, which Defendant filed "solely for the purpose of preserving its right to raise additional arguments at a future point . . . ."  (ECF No. 34 at 1.)