IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-2681-WJM-NYW

RODNEY DEWALT,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER DENYING *PRO SE* PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is before the Court on *pro se* Plaintiff Rodney DeWalt's Motion for Reconsideration ("Motion"). (ECF No. 41.) Defendant United States of America filed a response in opposition. (ECF No. 42.) Plaintiff did not file a reply. For the following reasons, the Motion is denied.

On August 17, 2021, the Court entered its Order Adopting March 10, 2021 Recommendation of United States Magistrate Judge ("Order"), in which the Court adopted the Recommendation that Defendant's motion to dismiss be granted because the Court lacked subject matter jurisdiction over this case. (ECF No. 39.) Accordingly, the Court dismissed Plaintiff's Second Amended Complaint without prejudice for lack of subject matter jurisdiction and denied Plaintiff leave to file any further amended complaint. (*Id.* at 10.)

On August 24, 2021, Plaintiff filed the Motion, requesting that the Court reconsider its Order. (ECF No. 41.) Plaintiff raises several issues, including: he did not

know that this case was assigned to a United States District Judge; the Court ruled that he failed to state a claim under Federal Rule of Civil Procedure 12(b)(6); he was denied a hearing; he was denied the opportunity to amend his complaint; and he was "shown bias." (*Id.* at 1–2.)

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party. Fed. R. Civ. P. 59(e). "Rule [59(e)] was adopted to mak[e] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted). Accordingly, the Court may amend the judgment in its discretion where: (1) there has been an intervening change in the controlling law; (2) new evidence that was previously unavailable has come to light; or (3) the Court sees a need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* However, motions to alter or amend the judgment pursuant to Rule 59(e) "are regarded with disfavor . . . [and are] 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1077 (D. Colo. 2010) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

For the following reasons, Plaintiff has failed to satisfy any of the factors which would provide him the relief he seeks. First, the record is clear that the undersigned has been assigned to this case since November 13, 2020 (ECF No. 17), as Plaintiff refused to consent to the jurisdiction of the United States Magistrate Judge (ECF No.

2

16).  Thus, any argument on this issue is without merit.

Next, Plaintiff incorrectly interprets the Court's Order; the Court did not dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  Rather, the dismissal was based on Federal Rule of Civil Procedure 12(b)(1) because the Court lacked subject matter jurisdiction over Plaintiff's claims.  Thus, Plaintiff's arguments regarding stating a claim under Rule 12(b)(6) or amending his complaint are also without merit.  Regarding Plaintiff's objection to the Court denying him a hearing, the Court concluded a hearing would be unnecessary in light of the lack of jurisdiction over the case and denied the request as moot.

Finally, Plaintiff again argues that the Court has shown bias against him.  (ECF No. 41 at 2.)  The Court previously found such arguments "inappropriate" and "meritless" and reaches the same conclusion here.  (ECF No. 39 at 9 n.4.)  Both the Magistrate Judge and the undersigned evaluated the merits of Plaintiff's case based solely on the facts and law of this case, and nothing else.

Plaintiff has failed to demonstrate that there has been an intervening change in the controlling law; new evidence that was previously unavailable has come to light; or that the Court must correct clear error or prevent manifest injustice.  *See Servants of Paraclete*, 204 F.3d at 1012.  Therefore, Plaintiff Rodney DeWalt's Motion for Reconsideration (ECF No. 41) is DENIED.

Dated this 8th day of October, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge